**UNITED STATES of America**

v.

**Raul ESTREMERA, Defendant.**

**No. 73 Cr. 319.**

United States District Court,
S. D. New York.

May 15, 1975.

Paul J. Curran, U. S. Atty., for plaintiff; by Jeremy Epstein.

Jesse Berman, Lawrence Stern, New York City, for defendant.

### MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

On the morning when the trial was to commence, counsel for the defense raised an allegation that certain evidence in the possession of the government was tainted by an illegal search and seizure. In connection therewith he produced a search warrant issued by the Supreme Court, Queens County, on February 17, 1973, along with a return on the search warrant dated April 6, 1973. The application for the search warrant indicated that the affiant had reason to believe

---

that an illegal weapon was located at the home of Raul and Rosa Estremera, located at 375 Williams Street, Brooklyn, New York.

In view of the fact that I believe that such "taint" hearings should be held at a time prior to trial, I released the panel of prospective jurors which had been summoned for the trial and counsel proceeded to a two-day hearing. At the outset, the government contended that they had absolutely no knowledge of the search. The Court called the Special Agent in charge of the case for the Federal Bureau of Investigation and he disclaimed any knowledge of anything that was seized during the search. I give great credence to the testimony of Special Agent Milton E. Ahlerich.

In order to fully understand the situation it should be noted that defendant was charged with bank robbery which allegedly occurred on Februray 9, 1973. It would appear that at the time of the search the defendant, Raul Estremera, had already fled.

Apparently there was a parallel investigation being conducted by the 16th Homicide and Assault Squad of the New York City Police Department in connection with the attempted murder of two policemen. It is clear that the FBI and the 16th Squad from time to time did have conversations concerning defendant Raul Estremera. The search, however, was conducted solely by officers assigned to the New York City Police Department.

In addition to the testimony of Special Agent Ahlerich, there was testimony by New York City Detective Angelo Lamardo of the 16th Homicide and Assault Squad, the officer who executed both the application for the warrant and the return thereon. Both the agent and the detective testified that neither had talked to the other in connection with the items seized.

The items seized by the New York City Police Department were produced for inspection by this Court. They apparently have no bearing whatsoever on the bank robbery. It was suggested, however, by counsel for the defense that these items could have tainted in some way the extradition proceedings whereby the defendant was brought back from Canada to stand trial for the charges herein. No claim, however, was made to attack specifically the proceedings and therefore it is unnecessary to pass upon that. In all of the circumstances, I find as a matter of fact that there is no connection between the search and seizure (the government having conceded for the purpose of the hearing that the seizure of certain of the items was illegal) and the evidence which apparently will be introduced at this trial. The motion of the defendant therefore is denied.

It may, however, be appropriate to remind the government that the extradition proceedings held in Canada have nothing to do with the charges presently being tried and that no evidence concerning such proceedings will be admitted.

It is so ordered.